BENAVIDES, Circuit Judge,
dissenting:
Rolando Ruiz’s state habeas counsel was found to be “wholly incompetent” and “egregiously inept,” and I do not doubt that he was. Whether ineffective habeas counsel excuses Ruiz’s failure to exhaust his ineffective trial counsel claim before Texas’s courts, so as to prevent the claim from being procedurally barred here, is a difficult question. It was a difficult question when the district court answered it in the negative in 2005, when this panel affirmed the district court’s judgment in 2006, and when it was presented to the Texas Court of Criminal Appeals (“TCCA”) eight days before Ruiz’s scheduled execution this year.
But nothing has changed since the district court rendered its opinion that warrants the extraordinary measure of setting it aside. At the very least, not enough has changed to make the district court’s refusal to set it aside an abuse of discretion. The majority believes that the TCCA’s ambiguous one-page per curiam order, which it had all of four days to render given the impending execution, compels Rule 60(b) relief. I disagree. I also believe the fact that Ruiz’s first presentation of this claim to the Texas courts came just eight days before his scheduled execution supports the district court’s finding that he was not diligent. I respectfully dissent.
I. DISCUSSION

A. Rule 60(b) and the TCCA’s Opinion

Rule 60(b) provides six grounds for relief from a prior judgment. While Ruiz does not specify which ground he is pro *533 ceeding on, the only relevant ground is the catchall provision allowing for relief from a judgment based on “any other reason justifying relief from the operation of the judgment.” Fed. R. Civ. P. 60(b)(6). Such relief is granted rarely and only under extraordinary circumstances. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 745 (5th Cir.1995).
There is no dispute that the district court’s first judgment denying relief on procedural default grounds was correct when it was issued in 2005. Ruiz’s counsel at oral argument agreed that it was a reasonable decision, and this court has already affirmed it. But Ruiz points to the TCCA’s most recent order denying relief in this case as an intervening factor that now renders that judgment inequitable. His argument is that the latest TCCA opinion was ambiguous, which compels the district court to treat it as merits based under the directives of Long and Coleman, therefore requiring the district court to entertain the merits of the habeas petition. Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
While the majority finds that argument convincing, I do not believe that Long&nd Coleman apply to this case. I agree with the majority that the TCCA’s “decisional basis here is uncertain,” and if we were reviewing that decision we would be required to treat it as merits based and, accordingly, reach the merits ourselves. But that is not the posture this case comes to us in. Ruiz has already received federal habeas review, and now brings this as a Rule 60(b) motion for relief from the earlier judgment.
The question on a Rule 60(b) motion for relief is much different than in the Coleman context. A Coleman petitioner typically brings his habeas claims to the state courts first. If relief is denied, then the district court may entertain a federal ha-beas claim unless the state court’s judgment was based on adequate and independent state grounds. Coleman, 501 U.S. at 730-32, 111 S.Ct. 2546. The Coleman presumption comes into play when evaluating whether the state court’s previous opinion was based on independent state grounds; it instructs courts to treat any ambiguous state decisional basis as a ruling on the merits, thereby permitting federal review. Id. at 734-35, 111 S.Ct. 2546.
Here, Ruiz first brought his unexhaust-ed ineffective assistance claim to federal court. Because there was no state court judgment to interpret through the Coleman presumption, the district court had to answer a hypothetical question: “Would the state court to which the prisoner would have to present his claims in order to exhaust them find the claims procedurally barred?” Kittelson v. Dretke, 426 F.3d 306, 315 (5th Cir.2005). The district court answered yes, and we agreed.
The relevant question on this Rule 60(b) motion is not whether the TCCA’s subsequent opinion was unequivocally based on independent state-law grounds, as it is in the Coleman context and under the majority’s treatment. The question is whether the TCCA’s one-page opinion creates the “extraordinary circumstances” required to set aside the district court’s otherwise unassailable judgment.[1] See Batts, 66 F.3d at 745. This is an extremely difficult standard to meet. For example, it is clear that even “a change in state decisional law, *534 rendered after this court makes an Eñe prediction, will not normally constitute an extraordinary circumstance, and cannot alone be grounds for relief from a final judgment pursuant to Rule 60(b)(6).” Id. at 748.
Even if a definitive change in law did constitute grounds for relief, Ruiz cannot make that showing. He never demonstrates a change in Texas law that clearly undermines the validity of the district court’s judgment. Perhaps the TCCA’s opinions in Ex Parte Hood and Ex Parte Campbell show that Ruiz’s argument was not entirely futile before the state courts— as he assumed it to be — but that hardly merits setting aside the district court’s prior judgment when it still appears to be correct, or at least reasonable. Ex Parte Hood, 211 S.W.3d 767 (Tex.Crim.App.2007); Ex Parte Campbell, 226 S.W.3d 418 (Tex.Crim.App.2007).
Ruiz focuses on an unclear one-page opinion that was rendered after only four days of consideration due to Ruiz’s fast-approaching execution.[2] In my view, that does not cast sufficient doubt on the district court’s judgment to warrant this exceptional relief, much less to find that the district court abused its discretion by not granting relief. While ambiguity in the TCCA’s judgment compels reaching the merits in the Coleman context, ambiguity in this context, where it is incumbent on Ruiz to show exceptional circumstances warranting relief, cuts the other way. Ruiz brought his unexhausted claim to the district court, forcing it to make an Eñe guess on the procedural default issue. It decided against him. Since then, nothing has occurred to demonstrate that the court’s Eñe guess was actually wrong. An ambiguous TCCA opinion under extreme time constraints is not the type of extraordinary circumstance compelling Rule 60(b) relief.

B. Diligence and Balancing the Equities

Rule 60(b)(6) “is a grand reservoir of equitable power,” allowing for consideration of all factors that speak to equity. Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir.1992). This leaves the district court with extensive discretion to weigh equitable considerations, and I cannot agree with my colleagues that it abused its discretion when it found Ruiz was not diligent enough in pursuing his unexhausted claim before Texas’s courts to warrant relief.
Ruiz knew he had an unexhausted ineffective assistance claim in February, 2004, when he proceeded to federal court. He should have exhausted his claim in the Texas courts in a second state habeas petition. If his petition was denied as an abuse of the writ, he then could have pressed his argument before the federal courts that he had a valid legal excuse for not raising his ineffective assistance claim in his first state petition. Notably, AED-PA’s statute of limitations would have been tolled during any second state habeas proceeding. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir.1999). The only explanation Ruiz offers for not taking this ap *535 proach is that it was futile to press the ineffective assistance claim in a second ha-beas petition because it would have been dismissed as an abuse of the writ. However, this argument is at least slightly at odds with his first one. See supra Part I.A. Ruiz’s explanation for not exhausting his claim in a second state petition is that it would have been futile, which makes it exceptionally odd, perhaps inequitable, to now hear him complain that the district court was wrong to reject a claim that he considered frivolous. He does point to some intervening state caselaw to explain this anomaly, but none of it seems significant enough to take his claim from being completely frivolous to being correct.
That Ruiz waited more than three months after certiorari was denied in his federal case to file his second state petition also works against him. While three and a half months is not normally an unreasonable amount of time for such a filing, Ruiz had already gone through several proceedings regarding this exact ineffective assistance claim. Waiting until eight days before his scheduled execution is somewhat concerning, especially when he now seeks to benefit from the resulting imprecision in the TCCA’s rushed order.
I do not think it is easy to balance all of the equities in this case. I might disagree with how the district court balanced them, but I do not think it stepped outside the bounds of its discretion here when it found that Ruiz was not diligent and that the equities did not compel relief from judgment.
II. CONCLUSION
I would affirm the district court’s order denying Ruiz’s Rule 60(b) motion and deny any further stay of his execution.

. It follows that the district court was correct when it, as the majority chastises, “paid no mind” to the clarity demanded by Long and Coleman. It rightly focused on whether its earlier dismissal "on federal procedural default principles was erroneous” in fact, insofar as an erroneous ruling could constitute extraordinary circumstances warranting relief under Rule 60(b).

. Given the extraordinarily short timeframe which the TCCA had to handle this Rule 60(b) motion, it is not surprising that two of the nine judges could not participate, albeit for unspecified reasons. I disagree with the majority's search for a "fifth vote” for the same reason I disagree with its entire approach to the independent and adequate state ground argument. In the Rule 60(b) context, it is not incumbent upon Texas to prove that the district court’s prior judgment was correct by showing a subsequent Texas decision agreeing with it. It is Ruiz who must show that the judgment was incorrect or otherwise inequitable. Moreover, I question the wisdom of adopting an approach that, as a practical matter, encourages last-minute applications in the hopes of getting non-participating judges, thereby decreasing the chances of any definitive finding on state-law grounds.